UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BELLARAE AVERY,
aka TAMMY LYNN ASHWORTH,

    Plaintiff,

v.

KRISTIN LONG, et al.,

    Defendants.

Case No. 15-cv-01917-DMR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On April 29, 2015, Plaintiff Bellarae Avery, aka Tammy Lynn Ashworth, filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. She has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the alleged conduct giving rise to Plaintiff's claims took place in Sonoma County, California which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Her complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

This action has been assigned to the undersigned magistrate judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[1] Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

Plaintiff has consented to magistrate judge jurisdiction in this matter. Dkt. 1 at 4.

In her complaint, Plaintiff names the following as Defendants: Sonoma County Deputy Public Defender Kristin Long, Sonoma County Deputy District Attorney Chris Brown and

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but the defendants have not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting 28 U.S.C. § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

1   Sonoma County Superior Court Judge Gary Medvigy. *Id.* at 2.

2     In a letter attached to her complaint, Plaintiff claims that in 2013 she was "accused of
3   identity theft" and that Defendant Long "did not feel the need to defend [Plaintiff] because
4   [Defendant Long] stated that she inherited a case that she did not want." *Id.* at 5. Plaintiff also
5   attached a "list of what [her] attorney did not do for [her]." *Id.* at 6-7. Plaintiff does not include
6   specific details about how the aforementioned charge of identity theft was resolved, but it seems
7   that she entered a guilty plea pursuant to a plea bargain and was sentenced to serve jail time.[2] *Id.*
8   Nevertheless, in the instant complaint, Plaintiff claims that she "didn't commit a crime" because
9   there was "absolutely no proof against [her]." *Id.* at 5.

10     Plaintiff alleges that the deputy district attorney prosecuting her case, Defendant Brown,
11   failed to "investigat[e] [her] case" and instead "took the word of someone that is known for their
12   dishonesty." *Id.* Plaintiff adds that Defendant Brown committed slander against her and "bashed
13   [her] in court regarding [her] records from years ago." *Id.*

14     Meanwhile, Plaintiff lists forty different allegations of misdeeds against her court-
15   appointed attorney, Defendant Long, including the following: "refus[al] to investigate [Plaintiff's]
16   case"; "refus[al] to negotiate [the] plea bargain" because Plaintiff's "[s]entence was extreme
17   and . . . [amounted to] cruel and unusual punishment"; "refus[al] to withdraw the plea when
18   [Plaintiff] requested it"; and "fail[ure] to correct sentencing credits for [Plaintiff's] release date."
19   *Id.* at 6.

20     Finally, Plaintiff claims that she "tried to fire her attorney, only to be denied by the judge
21   who knew full well that [her] attorney was no longer supposed to be defending [her] because [her]
22   case was on appeal." *Id.* at 5.

23     Under specific relief requested, Plaintiff requests the "dismissal" of the criminal case
24   against her in state court, as well as "punishment" for Defendant Long in the form of "disbarment
25   or loss of employment . . . or both." *Id.* at 3. Plaintiff also alleges that she suffered "extensive"
26   "mental trauma," for which the court assumes she requests to receive compensation. *Id.* at 5.

---

[2] At the time the instant complaint was filed, Plaintiff was housed at the Santa Rosa Jail (Main Adult Detention Facility). Dkt. 1 at 1.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's claims against Defendant Long must be DISMISSED because it is well established that a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas. *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981). It matters not that the public defender failed to exercise independent judgment or that she was employed by a public agency; it is the nature and context of the function performed (or omitted) by the public defender that is determinative under *Polk County*. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). *Polk County* left open the possibility that a public defender may be liable under section 1983 for "administrative and possibly investigative functions." *Polk County*, 454 U.S. at 324-25; *see, e.g.*, *Branti v. Finkel*, 445 U.S. 507 (1980) (chief public defender may be subject to section 1983 liability for politically-motivated hiring and firing decisions); *Miranda v. Clark County*, 319 F.3d at 468-70 (plaintiff complained of policy of administering lie detector test to all clients and allocating minimal resources to those who failed polygraph, and of policy to assign the least-experienced lawyers to capital cases; head of county public defender's office may be held accountable under section 1983 for such policies that lead to denial of right to effective representation of counsel).

Here, the preparation of Plaintiff's defense, including whether or not to conduct any investigations to prepare such a defense, is among those lawyer's traditional functions covered by

3

*Polk County*. According to Plaintiff, Defendant Long allegedly hampered Plaintiff's defense by failing to investigate. Such an investigation would have had no other purpose but to aid in Plaintiff's defense and had no administrative purpose otherwise. For example, it was not an investigation to determine whether Plaintiff financially qualified for free legal services or to determine the allocation of limited resources among cases. *Cf. Miranda v. Clark County*, 319 F.3d at 470. Included in Plaintiff's list of forty allegations of misdeeds against Defendant Long are the alleged failure to negotiate the plea bargain, refusal to withdraw the plea, or correct sentencing credits, which are among a lawyer's traditional functions covered by *Polk County*. A section 1983 claim may not be asserted for these traditional lawyer functions.

Furthermore, to the extent any claim could be stated by Plaintiff against Defendant Long that is not precluded by *Polk County*, such a claim would run afoul of the *Heck* rule. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that—even if it does not directly challenge the conviction or other decision—would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed.

*Heck* bars Plaintiff's allegations because, if proven, they would call into question the validity of her conviction. If proven, some of Plaintiff's aforementioned forty allegations relating to Defendant Long's misdeeds would show ineffective assistance of counsel. The validity of the conviction would be called into question if Plaintiff had received ineffective assistance of counsel. *Miranda v. Clark County* does not eliminate the *Heck* problem for claims not covered by *Polk County*, because nothing in the record shows that Plaintiff's conviction had been set aside before

she filed the instant section 1983 action. *See id.* Therefore, Plaintiff fails to state a cognizable claim against Defendant Long under section 1983.

Plaintiff's claims against Defendant Brown are also DISMISSED because prosecutors are absolutely immune from liability under section 1983 when engaged in initiating a prosecution or presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *accord Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that they can perform their respective functions without harassment or intimidation. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991). The "reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action." *Id.* (citing *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976)). The touchstone of this immunity is whether the attorney's actions are "intimately" or "closely" associated with the judicial process. *See id.* If the government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damage liability. *See id.* Here, the court finds that Defendant Brown's prosecution of Plaintiff consisted of acts such as pursuing an investigation and offering a plea bargain, which are "intimately" associated with the judicial process. *See id.* Therefore, Defendant Brown is entitled to absolute immunity for his actions in investigating the charge against Plaintiff and participating in plea negotiations with Plaintiff and her defense attorney. *See Fry*, 939 F.2d at 837. Therefore, the claims against Defendant Brown are DISMISSED because Plaintiff fails to state a cognizable claim against this Defendant under section 1983.

Finally, any claim against Defendant Medvigy is DISMISSED because judges are absolutely immune from liability for damages for acts performed in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. Because no amendment could cure this defect, this case will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000)

(en banc) (district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint). However, the dismissal of this action is without prejudice to Plaintiff filing an action in state court if she wants to pursue an attorney malpractice action, and it is also without prejudice to Plaintiff filing a new action if her conviction or sentence is reversed on direct appeal or rendered invalid.

Accordingly, this action is DISMISSED without prejudice and without leave to amend.[3]

The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: July 23, 2015

_____
DONNA M. RYU
United States Magistrate Judge

---

[3] To whatever extent Plaintiff seeks injunctive or other relief that would shorten her confinement, her sole remedy is to file a petition for a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), after she exhausts her state judicial remedies, *see Granberry v. Greer*, 481 U.S. 129, 134 (1987).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BELLARAE AVERY,

        Plaintiff,

  v.

KRISTEN LONG, et al.,

        Defendants.

Case No.  4:15-cv-01917-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bellarae  Avery ID: 10104460
2777 Ventura Ave.
Santa Rosa, CA 95403

Dated: July 23, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

7